

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-75,958 & AP-75,959

### EX PARTE CHESTER KENNEDY, Applicant

### ON APPLICATIONS FOR WRIT OF HABEAS CORPUS
### CAUSE NOS. 114-1325-06-B & 114-1327-06-B IN THE
### 114TH DISTRICT COURT FROM SMITH COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of tampering with evidence and of theft by a public servant and sentenced to ten years' imprisonment.

Applicant contends that his counsel rendered ineffective assistance because, *inter alia*, counsel failed to timely file notice of appeal. We remanded this application to the trial

court for findings of fact and conclusions of law.

The trial court has determined that trial counsel was ineffective because she failed to timely file notice of appeal and that counsel's deficient performance prejudiced Applicant. We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Case Nos. 114-1325-06-B and 114-1327-06-B from the 114th Judicial District Court of Smith County. Applicant is ordered returned to that time at which he may give written notices of appeal so that he may then, with the aid of counsel, obtain meaningful appeals. All time limits shall be calculated as if the sentences had been imposed on the date on which the mandates of this Court issue. We hold that, should Applicant desire to prosecute appeals, he must take affirmative steps to file written notices of appeal in the trial court within 30 days after the mandates of this Court issue.

Applicant's remaining claims are dismissed. See *Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: July 2, 2008
Do Not Publish